UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELVIN B. WALKER,

               Plaintiff,

      -against-

NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION, et al.,

            Defendants.

25-CV-7886 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se,* asserts claims against the New York City Health and Hospital Corporation, now known as NYC Health + Hospitals ("H+H"), regarding his employment and termination from H+H. Pending before the Court is Plaintiff's motion requesting preliminary injunctive relief and partial summary judgment. The Court denies both branches of Plaintiff's motion without prejudice.

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate a likelihood of success on the merits of his case or sufficiently serious questions going to its merits. Plaintiff's motion, as well as his

complaint, provide only a limited description of the events that form the basis of his claims against H+H and the individual defendants. Because the Court has granted Plaintiff's motion to amend his complaint, and Plaintiff has not stated enough facts suggesting that he is able to assert viable claims against H+H and the individual defendants, he cannot show that he is entitled to the extraordinary and drastic remedy of preliminary injunctive relief. Accordingly, Plaintiff's motion for preliminary injunctive relief is denied.

The Court also denies Plaintiff's motion seeking partial summary judgment as prematurely filed. Defendants have not appeared in this action, and, as noted above, the Court granted Plaintiff's motion to amend his complaint. The Court therefore denies this request.

## CONCLUSION

Plaintiff's motion seeking preliminary injunctive relief and partial summary judgment (ECF 5) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 22, 2026
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

2